UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AMERICAN STATES INSURANCE
COMPANY, in its own right and as assignee
of JASON MUN and ALEXANDER MUN
d/b/a Professional Homebuilders, a
Washington partnership

Plaintiff,

v.

CENTURY SURETY COMPANY, a foreign
insurance company

Defendant.

No. C08-1163Z

ORDER

This matter comes before the Court on American States Insurance Company's Motion
to Remand to State Court, docket no. 8. The Court, being fully advised, now enters the
following Order.

**Background**

Plaintiff, American States Insurance Company ("ASIC"), insured Alexander and Jason
Mun d/b/a Professional Homebuilders, a Washington partnership, under a commercial
general liability insurance policy with a policy period of September 1999 to September 2000.
Complaint for Declaratory Relief and Damages ("Complaint") ¶¶ 1, 9, attached to Notice of
Removal, docket no. 1. Defendant, Century Surety Company ("Century") insured

ORDER - 1

Professional Homebuilders under a commercial excess liability policy with a policy period of December 1999 to September 2000. *Id.* ¶ 10.

Century's policy included a "Service of Suit" clause which states:

It is agreed that in the event of the failure by us to pay any amount claimed to be due hereunder, we will, at your request, submit to the jurisdiction of any court of competent jurisdiction within the United States of America and will comply with all requirements necessary to give such court jurisdiction and all matters arising hereunder shall be determined in accordance with the law and practice of such court. . . .
And that in any suit instituted against any one of them upon this contract, we will abide by the final decision of such court or of any Appellate Court in the event of an appeal.

Century's Commercial Lines Policy, attached as Exhibit E to the Declaration of Charles K. Davis in Support of Plaintiff's Motion to Remand to State Court ("Davis Decl."), docket no. 9.

Professional Homebuilders was sued in 2003 for allegedly installing defective siding on a building. *Id.* ¶¶ 15-16. The lawsuit resulted in a judgment against Professional Homebuilders for nearly $2 million. *Id.* ¶¶ 24-25. As part of a settlement reached in December 2005, ASIC agreed to satisfy the judgment on the insureds' behalf. *Id.* ¶ 29. In the settlement agreement, ASIC was assigned all claims possessed by the insureds against Century. *Id.*

The insureds then filed a complaint in this Court against First Financial Insurance Company[1] and Century, Case No. C-05-2098 RSL ("2005 Action"). *Id.* ¶ 31. Pursuant to a tolling agreement, the insureds voluntarily dismissed Century while the claims against First Financial remained pending. *Id.* ¶ 32; *see also* Tolling Agreement, attached as Exhibit 10 to the Declaration of David M. Jacobi in Opposition to Motion for Remand ("Jacobi Decl."), docket no. 12. In December 2006, Judge Lasnik dismissed the case against First Financial because the insureds were not the real party in interest; however, Judge Lasnik permitted

---

[1] First Financial insured Professional Homebuilders, LLC, a successor entity to Professional Homebuilders, a Washington partnership. First Financial is not a party to this lawsuit.

ORDER - 2

ASIC to refile the suit against First Financial in ASIC's own name.  *See* Order Granting

Motion for Summary Judgment, attached as Exhibit 11 to Jacobi Decl.  Judge Lasnik

subsequently entered judgment in favor of First Financial in December 2007.  *See* Order

Regarding Cross Motions for Partial Summary Judgment, attached as Exhibit 12 to Jacobi

Decl.  That judgment is currently on appeal.  *See* General Docket for the United States Court

of Appeals for the Ninth Circuit, attached as Exhibit 13 to Jacobi Decl.

On July 3, 2008, ASIC filed a lawsuit in King County Superior Court against Century.

*See* Notice of Removal.  Century removed the action to this Court on August 4, 2008 on the

basis of diversity.  *Id.*  ASIC subsequently filed a motion to remand on August 14, 2008.

Motion to Remand, docket no. 8.

**Discussion**

ASIC argues that the case should be remanded because (i) the claims arise from

Century's failure to pay amounts due under its insurance policy, (ii) the claims are brought

by the assignee of Century's policyholder, and (iii) the Century policy contains a Service of

Suit clause requiring Century to submit to jurisdiction in the forum of the policyholder's

choice.  Century argues (i) that the Service of Suit clause does not unequivocally waive its

right to remove the action to federal court, (ii) that the clause does not apply to claims ASIC

asserts in its own right, and (iii) that ASIC previously filed the same claims against Century

in federal court and should not be allowed to invoke the Service of Suit clause as a license

for forum shopping.

**A.      Whether the Service of Suit Clause Waived Century's Right of Removal**

Century cites a number of cases for the proposition that a party may contractually

waive its right of removal so long as it does so explicitly and unequivocally.  Century argues

that the Service of Suit clause does not address removal at all and therefore cannot explicitly

and unequivocally waive Century's right to remove the case to federal court.  ASIC does not

dispute the explicit and unequivocal standard for a waiver, but cites to a long line of cases

ORDER  - 3

where courts interpreting the same or similar language in insurance contracts have held that such a clause acts as a waiver.

In *City of Rose City v. Nutmeg Ins. Co.*, 931 F.2d 13 (5th Cir. 1991), the court analyzed an insurance clause similar to the Service of Suit clause here and held that it acted as a waiver. The court reasoned:

> On its face the endorsement is unambiguous. It plainly requires that the insurer submit to the jurisdiction of any court of the policyholder's choosing. [The insurer] agreed to "submit to the jurisdiction of any court," to "comply with all requirements necessary to give such court jurisdiction," and to "abide by the final decision of such court." Thus, while the provision does not specifically mention the right of a defendant to remove an action from state to federal court, the language of the clause makes clear that the policyholder shall enjoy the right to choose the forum in which any dispute will be heard.

*Id.* at 15. A number of courts have come to the same conclusion. *See, e.g., Archdiocese of Milwaukee v. Underwriters at Lloyd's*, 955 F. Supp. 1066, 1069 (E.D. Wis. 1996) ("every court has held that this type of clause prevents an insurer from removing the case to federal court."); *see also Perini Corp. v. Orion Ins. Co. Ltd.*, 331 F. Supp. 453, 454 (E.D. Cal. 1971) ("While it does not in terms waive the insurer's right to remove to a federal forum, most courts have nonetheless determined that 'submission' to a state forum is a waiver of the insurer's right to defend in federal court"); *Euzzino v. London & Edinburgh Ins. Co.*, 228 F. Supp. 431 (N.D. Ill. 1964) ("Unless all of these provisions are to be deemed mere surplusage, the conclusion is unavoidable that the policy accords to the assured the right to choose the court of competent jurisdiction in which disputes are to be determined").[2]

---

[2] At least two cases cited by Century reached the opposite conclusion as the court in *Nutmeg*, but those cases can be distinguished from the facts here. Century appears to concede this point as it does not analyze the cases it cites. For example, in *McDermott Intern., Inc. v. Lloyds Underwriters of London*, 944 F.2d 1199 (5th Cir. 1991), there were several factors that distinguished the case from *Nutmeg*, namely: (i) the policy had two clauses that applied to different types of disputes, including one that applied to arbitrability, (ii) some of the underwriters involved were foreign corporations, (iii) the insured chose the clause for the policy and thereby forfeited any benefit from the principle that ambiguities in a contract are construed against the drafter, and (iv) the case was governed by the

ORDER - 4

1    In sum, courts have consistently held that a service of suit clause similar to the clause

2    here acts as a waiver of the insurer's right to remove a case to federal court.  Although the

3    clause does not specifically mention the right of removal, the Court agrees with the reasoning

4    of cases such as *Nutmeg* and finds that the clause acts as a waiver of the right to defend in

5    federal court.

6    **B.      Whether the Clause Applies to Claims ASIC Brings On Its Own Behalf**

7           Century contends that the Service of Suit clause does not apply to ASIC's own claims

8    against Century.  Century first argues that ASIC is not a party to the insurance contract nor

9    an intended beneficiary and therefore ASIC has no rights to enforce the clause.  Century next

10   argues that ASIC's own claims do not arise out of Century's failure to pay any amount

11   claimed to be due under its insurance contract.  ASIC contends that the claims it brings in its

12   own right contain common factual and legal issues with the claims brought as assignee of the

13   insured.  ASIC argues that sound judicial administration compels trying the claims at one

14   time in one forum.

15          Century fails to cite to any authority in support of its argument that the clause is

16   unenforceable because ASIC is not a party to the contract nor an intended beneficiary.  In

17   cases involving forum selection clauses, the Ninth Circuit has recognized that "a range of

18   transaction participants, parties and non-parties, should benefit from and be subject to forum

19   selection clauses."  *Manetti-Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509, 514 n.5 (9th

20   Cir. 1988) (quoting *Clinton v. Janger*, 583 F.Supp. 284, 290 (N.D.Ill. 1984)).  Moreover,

21   when a party to a contract "moves to enforce a forum selection clause, it is irrelevant that a

22   non-party to that [contract] joins in the motion."  *Janger*, 583 F.Supp. at 290.  Although the

23

24   Convention Act regarding the recognition and enforcement of foreign arbitral awards, 9
25   U.S.C. § 201, *et seq*.  None of those factors are present here.  In *In re Delta America Re Ins.
     Co.*, 900 F.2d 890 (6th Cir. 1990), the question was whether a service of suit clause applied
26   to an agency or instrumentality of a foreign state.  The court stated that such a situation was
     "far removed" from cases involving insurance policies issued to individuals.  *Id.* at 893 n.6.

ORDER  - 5

above cases discuss forum selection clauses, the reasoning applies here. ASIC in its capacity

as the assignee of the claims of the insureds has moved to enforce the clause; it is irrelevant

that ASIC in its own right also joins in the motion.

Century references paragraphs 36 and 39 of the Complaint in support of its argument

that ASIC's own claims do not arise out of Century's insurance contract. More specifically,

Century argues that ASIC's request for declaratory relief, including a declaration that all

applicable underlying primary insurance is exhausted, and ASIC's theory of equitable

indemnity are claims independent of the insureds' claims. Century admits, however, that its

excess insurance coverage is not triggered until the underlying primary insurance is

exhausted. As such, ASIC's request for a declaration that all underlying primary insurance is

exhausted appears related if not integral to the contract claims.

ASIC cites to *Perini Corp. v. Orion Ins. Co. Ltd.*, 331 F. Supp. 453 (E.D. Cal. 1971),

for the proposition that the Service of Suit clause encompasses extra-contractual claims

related to Century's failure to pay. In *Perini*, the insurer argued that a service of suit clause

did not prevent removal of the insured's alternative tort claim for economic loss and punitive

damages. *Id.* at 457. The court in *Perini* disagreed, stating:

> if the insurer reneges on any amount, an action based upon its *failure
> to pay* may be commenced in a forum selected by the insured. To be
> sure, the clause does not forbid removal of claims unrelated to the
> insurer's failure to pay. But the two claims in the instant action were
> both precipitated by the defendant's repudiation of the policy and
> contain common factual and legal issues, thus falling easily within the
> clause's coverage. Sound judicial administration, therefore, demands
> that both claims be settled at one time in one forum: the [court] where
> the insured originally chose to bring the action.

*Id.* ASIC argues that, like *Perini*, the claims it brings in its own right contain common

factual and legal issues with the contractual claims.

Although neither party analyzes the contract language, it is noteworthy that the

Service of Suit clause states that "*in any suit* instituted against any one of them upon this

contract, we will abide by the final decision of such court or of any Appellate Court in the

event of an appeal." Exh. E to Davis Decl. (emphasis added). The clause shows that Century intended to waive its right of removal as to an entire suit and not just as to specific claims. The Court concludes that the Service of Suit clause acts as a waiver of Century's right to remove the suit from state court even though the suit includes claims brought by ASIC in its own right.[3]

## C. Whether the Clause Applies When ASIC Previously Filed Suit in This Court

Century contends that ASIC made its choice of forum under the Service of Suit provision when ASIC commenced an action in 2005 against Century and First Financial in this Court. Century contends that ASIC is trying to split this case and the 2005 Action between state and federal courts and argues that the Service of Suit clause is not a license to forum shop. ASIC argues that the accusation of forum shopping is unfounded and unsupported by authority and therefore should be disregarded. In addition, ASIC argues that filing the prior case in this Court was not an unequivocal waiver of its right to rely on the Service of Suit provision.

Century fails to show why this case must be tried in the same forum as the 2005 Action, and its allegation that ASIC is forum shopping is not supported by evidence or legal authority. As such, the Court rejects Century's forum shopping argument and instead focuses on the language of the contract to find whether the 2005 Action precludes enforcement of the clause in this case.

The Service of Suit clause states "It is agreed that in the event of the failure by us to pay any amount claimed to be due hereunder, we will, *at your request*, submit to the jurisdiction of any court of competent jurisdiction within the United States of America and

_____

[3] The Court would reach the same conclusion if the clause were ambiguous as contract language is construed against the drafter, *i.e.* against Century. *See Hunt Wesson Foods, Inc. v. Supreme Oil Co.*, 817 F.2d 75, 78 (9th Cir. 1987) ("Another fundamental rule of contract interpretation is that where language is ambiguous the court should construe the language against the drafter of the contract").

ORDER - 7

1 will comply with all requirements necessary to give such court jurisdiction and all matters

2 arising hereunder shall be determined in accordance with the law and practice of such court."

3 Exh. E to Davis Decl. (emphasis added). The issue here depends on the meaning of "at your

4 request." ASIC made a "request" by filing a complaint in this Court in 2005. *See*

5 *Archdiocese of Milwaukee v. Underwriters at Lloyd's, London*, 955 F.Supp. 1066, 1068 n.1

6 (E.D.Wis. 1997) (construing a similar clause and noting that "the [insureds] made their

7 request by filing a civil complaint in a specific court.") The question then is whether ASIC

8 can make a second request after voluntarily dismissing Century pursuant to a tolling

9 agreement.

10       There is nothing restrictive in the phrase "at your request." The clause does not say

11 "at your original request," nor does the surrounding language provide any limitation on when

12 or how the insured can make a request. Accordingly, the Court finds that Century agreed to

13 submit to the forum of the insureds' choice, regardless of any prior "request."

14 **Conclusion**

15       For the reasons stated, the Court GRANTS Plaintiff's Motion to Remand to State

16 Court, docket no. 8, and hereby remands this case to King County Superior Court. A

17 certified copy of this Order will be mailed to the clerk of the King County Superior Court

18 pursuant to 28 U.S.C. § 1447(c).

19       IT IS SO ORDERED.

20       DATED this 30th day of October, 2008.

21

22                                 _____

23                                 Thomas S. Zilly
                                United States District Judge

24

25

26

ORDER - 8